IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FLETCHER MACHINE COMPANY, INC., ) | |
| MARION RAY FLETCHER, and ) | |
| CAROLYN Y. SMITH, ) | |
| Plaintiffs, ) | |
| v. ) | 1:09CV160 |
| TRENT CAPITAL MANAGEMENT, INC., ) | |
| and LEGGETTE & COMPANY, INC. ) | |
| d/b/a LEGGETTE ACTUARIES, INC., ) | |
| Defendants. ) | |

<u>ORDER</u>

This matter is before the Court on a Recommendation of the United States Magistrate Judge addressing a Motion [Doc. #18] by Defendants Leggette & Company, Inc. d/b/a Leggette Actuaries, Inc. ("Leggette") to compel arbitration and stay this case pending arbitration. In the Recommendation, the Magistrate Judge recommended that the motion to compel arbitration be granted with respect to the claims asserted by Plaintiff Fletcher Machine Company, Inc. ("Fletcher Machine") against Leggette. However, the Magistrate Judge recommended that the motion be denied with respect to the claims asserted by individual Plaintiffs Marion Ray Fletcher and Carolyn Y. Smith. The Magistrate Judge recommended that those claims be stayed pending arbitration of the claims by Fletcher Machine against Leggette.[1]

---

[1] The Court notes that no motion to compel arbitration was filed with respect to Defendant Trent Capital Management, Inc., and therefore the claims of all of the Plaintiffs against Trent Capital Management will remain pending in this Court while arbitration proceeds as to the claims by Fletcher Machine against Leggette. In addition, Trent Capital Management has filed cross-claims against Leggette, which will also remain pending in this Court. Finally, Leggette has filed counter-claims against Fletcher Machine and Marion Fletcher, which will also remain pending in this Court. None of these various claims are subject to a motion to compel arbitration. In the Recommendation, the Magistrate Judge recommended that all of the remaining claims would be stayed while arbitration proceeds as to the claims by Fletcher Machine against Leggette, with updates to the Court every 60 days.

The Recommendation was filed on February 9, 2010, and notice was served on the parties pursuant to 28 U.S.C. § 636(b). On February 19, 2010, Defendant Leggette filed timely Objections to the Recommendation, objecting to that portion of the Recommendation that declined to compel the individual Plaintiffs to arbitrate. On February 26, 2010, Plaintiff Fletcher Machine filed Objections to the Recommendation, objecting to that portion of the Recommendation that compelled arbitration as to the claims by Fletcher Machine against Leggette.

The Court has now reviewed <u>de novo</u> the Objections and the portions of the Recommendation to which objection was made, and finds that the Objections do not change the substance of the United States Magistrate Judge's ruling. With respect to the Objections of Fletcher Machine, the Court notes that Fletcher Machine contends that the Recommendation was incorrect in failing to apply the reasonableness test set out in <u>Bremen v. Zapata Off-Shore Co</u>, 407 U.S. 1 (1972) in determining whether the arbitration provision at issue was unreasonable and unenforceable. In this regard, Fletcher Machine contends that the arbitration provision is unreasonable and unenforceable in its entirety because it calls for arbitration to occur in Texas. In considering this Objection, the Court notes that the analysis requested by Fletcher Machine would apply in challenging the location of arbitration rather than the enforceability of arbitration itself. Moreover, the Court concludes that even if the <u>Bremen</u> test is applied, the arbitration provision in this case would not be unreasonable because Fletcher Machine has not shown grave inconvenience or unfairness, and instead Fletcher Machine has shown only that North Carolina

is more convenient for Plaintiffs while Texas is more convenient for Defendant Leggette. Plaintiff Fletcher Machine chose to enter into the agreement with the arbitration provision, and the Recommendation correctly concludes that Fletcher Machine has failed to establish that the arbitration provision is unenforceable.

With respect to the Objections of Leggette, the Court concludes that to the extent the individual Plaintiffs bring claims outside of the contract between Leggette and Fletcher Machine, Leggette has failed to present any binding authority that would require that those claims be sent to arbitration.[2]

The Magistrate Judge's Recommendation [Document #43] is therefore affirmed and adopted.

IT IS THEREFORE ORDERED that Defendant Leggette's Motion to Compel Arbitration [Doc. #18] is GRANTED as to Plaintiff Fletcher Machine Co., but DENIED as to Plaintiffs Marion Fletcher and Carolyn Smith. IT IS FURTHER ORDERED that this action is stayed, and after six months from the date of this Order, the parties shall provide updates to the Court every 60 days.

This, the 31st day of August, 2010.

/s/ James A. Beaty
United States District Judge

---

[2] The Court does not reach the question of whether the individual Plaintiffs can in fact state any claim against Leggette in these circumstances, and the Court concludes that the propriety of these claims may be addressed by the parties after the arbitration is conducted and the stay is lifted.